UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FABRICE LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00080-SRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>Memorandum and Order</u>**

Fabrice Lewis, a self-represented federal prisoner, filed a handwritten motion to vacate his criminal judgment. *See Lewis v. United States*, No. 4:26-cv-00080-SRC (E.D. Mo. Jan. 16, 2026), doc. 1 ("Civ. doc."). He challenges the Court's Judgment in *United States v. Lewis*, No. 4:22-cr-00394-SRC-1 (E.D. Mo. Apr. 11, 2025), doc. 101 ("Crim. doc."). Because Lewis did not draft the motion on a Court-provided form, the Court orders him to file an amended motion on the enclosed form. The Court denies Lewis's pending motions for leave to file a recusal affidavit, civ. doc. 3, for appointment of counsel, civ. doc. 4, and for bond pending appeal, civ. doc. 5.

Per the Local Rules, self-represented petitioners must file any action on a Court-provided form. E.D.Mo. L.R. 2.06(A). Lewis's handwritten motion, civ. doc. 1, does not comply. The Court therefore orders Lewis to file, no later than September 8, 2026, an amended motion on the Court-provided form.

Turning to the pending motions, the Court begins with Lewis's Request for Leave of Court to file his Affidavit for Recusal. *See* civ. doc. 3. Lewis asserts only a single basis for relief in his section 2255 motion: that the undersigned should have recused under 28 U.S.C. §

455.  Civ. doc. 1 at 2–4 (The Court cites to page numbers as assigned by CM/ECF.).  Because the Court orders Lewis to file an amended section 2255 motion, this affidavit is not yet properly before the Court.  The Court therefore denies without prejudice Lewis's motion for leave to file a recusal affidavit.  *Id.*

Next, the Court addresses Lewis's motion for appointment of counsel.  Civ. doc. 4.  In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  (citation omitted)).  Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim, and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citations omitted) (cleaned up).  The Court finds that appointment of counsel is not warranted at this time.  Until Lewis files an amended motion on the Court-provided form, the Court cannot assess the merits of his claims or determine whether he or the Court would benefit from the assistance of counsel.  The Court therefore denies, without prejudice, Lewis's motion to appoint counsel.

Finally, the Court addresses Lewis's "Request for Bail – Pending Appeal."  Civ. doc. 5.  A defendant seeking release pending direct appeal must satisfy 18 U.S.C. § 3143(b) and Federal Rule of Appellate Procedure 9.  Lewis's direct appeal, however, concluded when the Eighth Circuit issued its mandate on December 5, 2025.  *See* crim. doc. 121.  The Court therefore denies Lewis's request for bond pending appeal.

2

Accordingly, the Court orders Lewis to, no later than September 8, 2026, file an amended motion on the Court-provided form.  The Court directs the Clerk of Court to mail Lewis the Court's standard form for section 2255 motions and a copy of the docket sheet.  If Lewis does not file an amended motion by September 8, 2026, the Court will dismiss this case without prejudice.  The Court denies, without prejudice, Lewis's [3] motion for leave to file affidavit for recusal, [4] motion for appointment of counsel.  The Court also denies Lewis's [5] motion for bond pending appeal.

So ordered this 24th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE